IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JONATHAN PALOZIE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:06-cv-385-MJR |
| ) | |
| B.A. BLEDSOE, ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Michael J. Reagan pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion to Dismiss filed by the respondent, B.A. Bledsoe, on June 14, 2007 (Doc. 15). For the reasons set forth below, it is **RECOMMENDED** that the motion be **GRANTED** and that this matter be **DISMISSED** and that the Court adopt the following findings of fact and conclusions of law:

**FINDINGS OF FACT**

Petitioner Jonathan Palozie, a former inmate at the United States Penitentiary in Marion, Illinois, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on May 17, 2006, seeking that the Bureau of Prisons credit his federal sentence for time served in state custody. On May 17, 2007, the Respondent filed a Suggestion of Death Upon the Record, indicating that Jonathan Palozie had died while in Bureau of Prisons custody on April 21, 2007 (Docs. 13 and 14). On June 14, 2007, Respondent Bledsoe filed the instant Motion to Dismiss pursuant to Fed. R. Civ. P. 25(a), requesting that the Court dismiss the action because no party had substituted itself for Petitioner and because Petitioner's habeas claims do not survive his

death and are thereby moot.  Respondent indicated that it served the Motion to Dismiss on Petitioner's next of kin on June 14, 2007.

## CONCLUSIONS OF LAW

Under Federal Rule of Civil Procedure 25(a),

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties.  The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district.  Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

Ninety days has passed since the suggestion of death was filed by the government and served on Petitioner's next of kin, and no party has filed a motion to substitute itself for Petitioner in the action.  Under Rule 25(a), therefore, the action must be dismissed as to the Petitioner.

Moreover, this action was brought pursuant to 28 U.S.C. § 2241, which requires that the writ of habeas corpus "shall not extend to a prisoner" unless he is "in custody" under the authority of or by law of the United States.  See 28 U.S.C. § 2241(c).

## CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that the Motion to Dismiss filed by the respondent, B.A. Bledsoe, on June 14, 2007 (Doc. 15) be **GRANTED**, that this matter be **DISMISSED,** and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto.  The failure to file a timely

objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  <u>Snyder v. Nolen</u>, 380 F.3d 279, 284 (7th Cir. 2004); <u>United States v. Hernandez-Rivas</u>, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED:  November 8, 2007**

<u>s/ *Donald G. Wilkerson*</u>
**DONALD G. WILKERSON
United States Magistrate Judge**